UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KANE,

    Plaintiff,

v.

NATIONAL ACTION FINANCIAL
SERVICES, INC.,

    Defendant.
                                     /

Case No. 11-cv-11505

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS** (docket no. 8)

**INTRODUCTION**

    This is a putative class action filed by Michael Kane ("Mr. Kane") against National Action Financial Services ("NAFS"), asserting violations of two federal acts: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and (2) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.  Mr. Kane contends that the Acts were violated when NAFS initiated a series of "several hundred phone calls" using automated recorded messages to Mr. Kane's cell phone for the purpose of collecting a debt owed by Ms. Seana Bartlett to Blockbuster Video for video rentals.

    The matter is before the Court on NAFS's June 10, 2011, Motion to Dismiss pursuant to Civil Rules 12(b)(1) and 12(b)(6).  ECF. No. 8.  For the reasons set forth below, the Court will dismiss Mr. Kane's claims under § 1692(e), and § 1692(f) of the FDCPA; but deny the motion to dismiss as to his claims under §1692(d) of the FDCPA, and his claim under the TCPA.

1

## FACTS

The following facts are stated in the light most favorable to the plaintiff. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 274 (6th Cir. 2010).

Defendant NAFS is a company located in the state of New York. NAFS acts as a collection agency on behalf of Blockbuster Video ("Blockbuster") to collect delinquent and defaulted accounts. Compl. ¶ 7. Sometime prior to 2009, Blockbuster engaged NAFS to collect a delinquent balance on an account opened by Ms. Seana Bartlett ("Ms. Bartlett") for video rentals. *Id.* at ¶ 18.

Mr. Kane is a resident of Oakland County. *Id.* at ¶ 3. He carries a cell phone for his personal use. *Id.* at ¶ 10. Mr. Kane does not know Ms. Bartlett, does not owe Blockbuster any rental fees, and has never given his cell phone number to Blockbuster, or granted Blockbuster permission to call the number. *Id.* at ¶ 16-17; 20. Nonetheless, over a four-year period, Mr. Kane received several hundred phone calls from NAFS to his cell phone, attempting to collect Ms. Bartlett's debt. *Id.* at ¶ 23-24.

In each call, NAFS used an "artificial or prerecorded voice" to communicate with Mr. Kane. *Id.* at ¶ 26. On occasion, Mr. Kane answered the calls and heard a prerecorded message. *Id.* at ¶ 27. The message did not notify Mr. Kane that the calls were from a debt collector. *Id.* at ¶ 28. Until August 2010, Mr. Kane was unable to contact a live person or otherwise request that the calls stop. *Id.* at ¶ 33-37. Specifically, each time Mr. Kane would contact NAFS, he would be directed to input his phone number before being transferred to an agent. Once he did so, however, he would receive an automated message indicating he was Ms. Seana Bartlett and that an alleged debt was owed. *Id.* at ¶ 36.

In August of 2010, NAFS changed its incoming call system, and Mr. Kane was finally able to press a button on the phone to indicate that he was not the person NAFS intended to call. After this change was implemented, Mr. Kane stopped receiving calls. *Id.* at ¶ 37-38.

## STANDARD OF REVIEW

NASF's motion to dismiss is brought under Civil Rules 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 12(b)(1); 12(b)(6).

A.  Civil Rule 12(b)(1)

Motions to dismiss under Civil Rule 12(b)(1) for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). While a facial attack challenges the sufficiency of the pleading, a factual attack challenges the factual existence of subject matter jurisdiction. *Id.* Because NAFS's motion to dismiss is based on "the adequacy of the factual allegations set forth in Plaintiff's Complaint," it is a facial attack. Def.'s Mot. to Dismiss 1, ECF No. 8. A court considering a facial attack under Civil Rule 12(b)(1) must take the material allegations of the petition as true. *O'Bryan v. Holy See*, 556 F.3d 361, 379 (6th Cir. 2009). If the allegations establish federal claims, then jurisdiction exists. *Id.* "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

B.  Civil Rule 12(b)(6)

To survive a motion to dismiss under Civil Rule 12(b)(6), the complaint need only contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be

3

exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 557 (citations omitted). Accordingly, Civil Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001).

The Rule does not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all that is required is "a short and plain statement of the claim" that will give the defendant fair notice of the claim and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although "a complaint need not contain 'detailed' factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

"The primary difference between Rule 12(b)(1) and 12(b)(6) motions is . . . in the effect the ruling will have upon the parties." *Ohio Nat. Life Ins. Co v. U.S.,* 922 F.2d 320, 324 (1990). A claim dismissed under Civil Rule 12(b)(1) is only precluded from being brought again as to the jurisdictional issue. *Id.* In contrast, dismissal under Rule 12(b)(6) resolves the issue on the merits and with prejudice. *Id.*

4

**ANALYSIS**

A.  <u>FDCPA Claims</u>

    1.  Standing

NAFS first argues that because "Plaintiff does not . . . assert that he was obligated or allegedly obligated to pay any debt" he cannot be considered a consumer under the FDCPA and therefore does not have standing to bring a claim under provisions § 1692(e), and § 1692(f).[1] Def.'s Mot. to Dismiss at 1. The question of whether a non-consumer has standing to bring a claim under the FDCPA implicates the court's subject matter jurisdiction. Accordingly, the Court will address it first. *See Match-E-Be-Nash-She-Wish Band of Pottawamie Indians v. Engler*, 301 F.3d 616, 618 (6th Cir. 2002) (jurisdictional issues must be "addressed prior to reaching the merits").

NAFS is correct that Mr. Kane is not a consumer under the statute. Under the FDCPA, a consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3). Here, Mr. Kane's complaint states explicitly that he does not have a business relationship with Blockbuster, and does not owe the company any rental fees. Compl. ¶¶ 15-16. Nor does Mr. Kane claim that NAFS ever alleged that he was obligated to Blockbuster. Furthermore, Mr. Kane appears to drop any such claim in his response, in which — rather than arguing that he *is* a consumer under the statute — he argues that the FDCPA "does not limit itself to enforcement by consumers." Pl.'s Resp.

---

[1] In his complaint, Mr. Kane did not specify which provisions of the FDCPA his claim is brought under. He clarified at oral argument that he is not bringing a claim under § 1692(c). The Court presumes he is not arguing for relief under provisions he did not mention in his pleadings, and accordingly, addresses only the provisions, aside from § 1692(c), to which he specifically refers in his response to the motion to dismiss. These include § 1692(d), § 1692(e) and § 1692(f). In any case, as a non-consumer, he does not have standing to bring a claim under § 1692(c). *See Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003) ("only a 'consumer' has standing to sue for violations of 15 U.S.C. § 1692(c).").

5

at 1, ECF No. 9. Accordingly, Mr. Kane has standing under the FDCPA to pursue only claims which may be brought by non-consumers.

This conclusion, however, does not preclude his claims under § 1692(e) or § 1692(f). The Sixth Circuit has explicitly held that non-consumers have standing to bring claims under § 1692(e). *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003) ("Of these three sections, [§ 1692(c), § 1692(d) and § 1692(e),] relief is limited to consumers only under § 1692(c)."). The court read § 1692(e) alongside the broad language of the FDCPA's enforcement provision, § 1692(k)(a), and concluded, "this means that *any* aggrieved party may bring an action under § 1692(e)."[2] This conclusion is readily extended to § 1692(f), the terms of which parallel those of §1692(e). Specifically, each provision proscribes certain actions by debt collectors, and neither provision mentions consumers. Section 1692(e) provides that "*a debt collector may not use* any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e) (emphasis added). Section 1692(f) provides that, "*a debt collector may not use* unfair or unconscionable means to collect or to attempt to collect any debt." 15 U.S.C. § 1692(e) (emphasis added). Accordingly, Mr. Kane need not be a consumer to have standing under § 1692(e) *or* § 1692(f).

2. Failure to State a Claim

    i. § 1692(e) and § 1692(f)

Next, NASF argues that Mr. Kane's claims under § 1692(e) and § 1692(f) must be dismissed for failure to state a claim because Mr. Kane knew that NAFS was not trying to collect a debt owed by him.

---

[2] Section 1692(k)(a) provides that a debt collector who fails to comply with any provision of the sub-chapter, with respect to *any person* is liable to that person.

6

Sections 1692(e) and 1692(f) prohibit debt collectors from using "false, deceptive, or misleading representations" or "unconscionable means" to collect debts. To determine whether a debt collector's practice is deceptive within the meaning of the Act, the Sixth Circuit has adopted "an objective test based on the understanding of the 'least sophisticated consumer.'" *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 400 (6th Cir. 1998). The proper inquiry is whether "the least sophisticated consumer would be deceived by a collection agency's [communications]." *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028 (6th Cir. 1992).

Applying this standard, district courts in this circuit have held that when a plaintiff knew that the debt collection agency was not attempting to collect on a debt owed by *him,* then as a matter of law, he can not sustain an FDCPA claim under § 1692(e) or § 1692(f). *See, e.g.*, *Kaniewski v. National Action Financial Services*, 678 F. Supp. 2d 541, 546 (E.D. Mich. 2009) ("There is no dispute that Plaintiff knew that Defendant was not attempting to collect a debt from him. Accordingly, Plaintiff cannot meet the 'least sophisticated consumer test' as a matter of law."); *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819 (S.D. Ohio 2008) (dismissing a claim under § 1692(f) when, "even the least sophisticated consumer" would have understood "that [Defendant] was not attempting to collect a debt from Plaintiff").

Here, the undisputed facts establish that Mr. Kane knew that NAFS was attempting to collect a debt owed by Ms. Bartlett, not by him. *See* Compl. ¶¶ 29; 36 ("NAFS left multiple prerecorded messages concerning an alleged debt owed by Ms. Seana Bartlett to Blockbuster."; "Each time Mr. Kane would contact NAFS . . . he would receive an automated message indicating that he was Ms. Seana Bartlett and that an alleged debt was owed."). As the court in *Hill* observed, "[e]ven an unsophisticated consumer knows [his]

7

own name." *Hill*, 574 F. Supp. 2d at 826.  Accordingly, Mr. Kane's claims under § 1692(e) and § 1692(f) fail as a matter of law, and NAFS's motion to dismiss as to those claims will be granted.

      ii.   § 1692(d)

NASF also argues that Mr. Kane's claim under § 1692(d) must be dismissed. Section 1692(d) provides that a debt collector may not, "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Mr. Kane alleges violation of § 1692(d)(5) and § 1692(d)(6), each of which describe specific prohibited actions.

Section 1692(d)(5) proscribes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  15 U.S.C. § 1692(d)(5).  An intent to harass may be inferred from "not only . . . the volume of calls made, but also [from] the pattern of calls." *Saltzman v. I.C. System, Inc.*, No. 09-10096, 2009 WL 3190359, at *7 (E.D. Mich. 2009) (quoting *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F. Supp. 2d 492, 505 (D. Md. 2004)).  A high volume of calls alone has been found sufficient to state a plausible claim that a debt collector engaged in harassing conduct.  *See Valentine v. Brock & Scott, PLLC*, No. 2:09-CV-2555, 2010 WL 1727681, at *4 (D.S.C. Apr. 26, 2010) (denying motion to dismiss where plaintiff alleged that "Defendant called Plaintiff 11 times over a period of 19 days, with two of those calls occurring on the same day"); *Brown v. Hosto & Buchan, PLLC*, 748 F. Supp. 2d 847, 852 (W.D. Tenn. 2010) (denying motion to dismiss where Plaintiff alleged that Defendant "called [plaintiff's] telephone seventeen times in one month and called her cellular telephone using an automatic telephone dialing system at least once"); *see also Akalwadi*, 336 F. Supp. 2d at 505 (finding a genuine issue of material fact as to

harassment when approximately twenty-six calls were placed over a two-month period). Accordingly, Mr. Kane's allegations that NAFS placed "several hundred phone calls" to him over a four-year period are sufficient to raise his right to relief under § 1692d(5) "above the speculative level." *Bell Atlantic*, 550 U.S. at 555. NASF's motion will be denied as to this claim.

Section 1692(d)(6) proscribes "plac[ing] . . . telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692(d)(6). To "meaningfully disclose" its identity a caller must, "state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked." *Saltzman*, 2009 WL 3190359, at * 8. Mr. Kane alleges that, in the pre-recorded messages left on his phone, "NAFS failed . . . to notify Mr. Kane that the calls were from a debt collector." Compl. ¶ 28. Accordingly, he has stated a plausible claim to relief under § 1692(d)(6), and NASF's motion will be denied as to this claim.

B.  TCPA Claim

1.  Standing

NAFS argues that because Mr. Kane did not complain that he incurred individual charges for the calls made to his cell phone then he has not suffered an injury-in-fact, a requirement for constitution standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). NAFS derives its argument from the language of the TCPA, which NAFS argues, requires a plaintiff to plead that he was charged for the calls that form the basis of his TCPA claim. This characterization of the issue is incorrect on two fronts. First, as discussed below, NAFS is incorrect that the TCPA requires plaintiffs to plead that they were individually charged for each call placed. Second, even if pleading such charges were necessary to *state a claim* under the TCPA, it would still not be required for a plaintiff to

have constitutional standing. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action in which petitioners could actually recover.").

Here, Mr. Kane has satisfied the elements of constitutional standing. He has alleged an injury-in-fact: the receipt of "several hundred phone calls" to his personal cell phone over a four-year period. The calls, having been placed by NAFS, are traceable to NAFS's actions. And, finally, a favorable decision in this suit will redress Mr. Kane's injury by awarding statutory damages to him. *See Lujan*, 504 U.S. at 560-61 (setting forth the requirements of injury, causation, and redressability); *see also*, *Anderson v. AFNI, Inc.*, No. 10-4064, 2011 WL 1808779, at *6 (E.D. Pa. May 11, 2011) (finding constitutional standing under the TCPA on similar facts).

2. Failure to State a Claim

NAFS argues that Mr. Kane has failed to state a claim under the TCPA because (1) he was an "incidental and unintended" recipient of the calls from NAFS, and therefore not a "called party" as the term is used in the statute; and (2) he did not allege that he incurred individual charges for each call made to his cell phone. The Court will address each argument in turn.

i. Called Party

Under 227b(1)(A)(iii) of the TCPA, it is unlawful

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice —
> . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

10

47 U.S.C. § 227b(1)(A)(iii). Mr. Kane alleges that NAFS violated this provision when it placed phone calls to his cell phone without his prior express consent. NAFS argues that Mr. Kane was not the "called party" as the phrase is used in the statute. He was only an "unintended and incidental recipient of the calls," and thus does not have statutory standing to bring the claim. Def.'s Mot. to Dismiss at 10.

"Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Graden v. Conexant*, 496 F.3d 291, 295 (3d. Cir 2007). To determine whether a plaintiff has statutory standing, a court first looks at the text of the statute, and then if ambiguous, to other indicia of congressional intent. *Id.* The TCPA grants a private right of action to any "person or entity." *See* 47 U.S.C. § 227(b)(3) ("A person or entity may, if otherwise permitted by the laws or rules of a court of a State, bring . . . an action based on a violation of this subsection . . . ."); *see also*, *Anderson*, 2011 WL 1808779, at *8 ("[T]he fundamental point is that § 227(b)(3) unambiguously grants standing to 'any person or entity'").

NAFS argues that construing the TCPA to permit *any person* to bring a claim renders meaningless the statute's exception for liability when the call is made with the "prior express consent of the called party." 47 U.S.C. § 227b(1)(A). If standing to bring suit is not limited to the *intended recipient* of a call, NAFS contends, then a business that attempts to comply with the statute by getting the prior express consent of the party it intends to call, will nonetheless be subject to liability if an *unintended* recipient happens to answer the phone. Def.'s Reply at 4 (citing *Leyse v. Bank of America National Ass'n*, No. 09 Civ. 7654, 2010 WL 2382400, at *4 (S.D.N.Y. June 14, 2010) ("If the business is liable to whoever happens to answer the phone or retrieve the fax, a business could face liability even when

11

it intends in good faith to comply with the provisions of the TCPA")). Accordingly, NAFS concludes, to give effect to the prior-express-consent exception, the term "called party" must be synonymous with the *intended* recipient of the call, and only the intended recipient of a call should have standing to bring suit.

NAFS relies primarily on two cases to support its position: *Leyse*; and *Kopff v. World Research Group LLC*, 568 F. Supp. 2d 39 (D.D.C. 2008). Each case is distinguishable from the case at hand. In *Leyse*, DialAmerica placed a telemarketing call to Genevieve Dutraux on behalf of defendant Bank of America, but Dutraux's roommate Leyse answered the phone. Leyse and Dutraux each brought suit under the TCPA. The district court dismissed Leyse's claim for lack of standing, reasoning that because the phone number dialed was associated with Dutraux's name in defendant's records, then Dutraux, not Leyse, was the intended recipient of the call. As an unintended and incidental recipient of the call, the court concluded, Leyse lacked standing. *Leyse*, 2010 WL 2382400, at *5-6.

Similarly in *Kopff*, the district court found that an administrative assistant who intercepted an unsolicited fax addressed to the president of the company did not have standing to sue for violation of the TCPA. The court noted that although it "might think otherwise were the faxes addressed generically," where there is "a specific, existing addressee, the Court is persuaded that the TCPA cause of action is his." *Kopff*, 568 F. Supp. 2d at 42.

As mentioned above, *Leyse* and *Kopff* are distinguishable from Mr. Kane's claim. In each of those cases, the telemarketer at issue had the correct phone number for the party it was attempting to contact. The person who answered the phone or received the fax really was an "incidental" recipient of a properly-directed communication. On those facts, *Leyse*'s concern that when unintended recipients of a communication have standing, "a

12

business could face liability even when it intends in good faith to comply with the provisions of the TCPA" is sound. *Leyse*, 2010 WL 2382400, at *4. Here, however, unlike in *Leyse* and *Kopff*, Mr. Kane was *not* an *incidental* recipient of a call properly directed to someone else. NAFS, although it intended to reach Ms. Bartlett, also intended to, and did, call Mr. Kane's personal cell phone number. The reasoning in *Leyse* and *Koppf* does not support the conclusion, especially in the face of the broad statutory grant of standing in § 227(b)(3), that in such situations a plaintiff should not have standing to sue.

Two district courts have addressed the issue on facts that more closely parallel those presented here, and each concluded that plaintiffs in Mr. Kane's shoes had standing to under the TCPA. *See Anderson*, 2011 WL 1808779; *Tang v. Seigel*, No. 11 C 599, 2011 WL 2356390 (N.D. Ill. June 14, 2011). In *Anderson* and *Tang*, as in this case, the defendant repeatedly placed calls to the plaintiff's cell phone, attempting to collect a debt owed by a third party who had no connection to the plaintiff or the plaintiff's cell phone. In *Anderson*, after reviewing the implications of the *Leyse* and *Koppf* decisions, the court ultimately relied on the plain text of the statute, concluding,"the fundamental point is that § 227(b)(3) unambiguously grants standing to any 'person or entity' and this grant does not contradict the rest of the statute." *Anderson*, 2011 WL 1808779, at *8. In *Tang*, the court concluded that because the defendant intended to call Tang's cell phone, Tang was not an *unintended* recipient of the calls, and therefore had standing to sue. *Tang*, 2011 WL 2356390, at *2 ("Because Seigel intended to call Plaintiff's cellular phone number, Plaintiff received the calls, and Plaintiff is the regular user and carrier of the phone, Plaintiff qualifies as a 'called party' under the TCPA.").

The Court agrees with the reasoning of *Anderson* and *Tang*, and finds that Mr. Kane has standing because the statute unambiguously grants standing to any "person or entity"

to bring a claim. Additionally, even if, as *Leyse* suggests, incidental recipients of a communication otherwise properly directed to the intended party should not have standing to sue, Mr. Kane was not an incidental recipient of NAFS's communications because NAFS intended to, and did, call his personal cell phone number.

      ii.  Charged for the Call

Finally, NAFS argues that because Mr. Kane has failed to plead that he was charged for the calls allegedly placed to his cell phone, then he has not stated a claim for relief under the statute. NAFS's argument is premised on the final clause of § 227b(1)(A)(iii), which prohibits making

> any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service *for which the called party is charged for the call*.

47 U.S.C. § 227(b)(3) (emphasis added). In NAFS's view, the final clause modifies the entire provision, and therefore to state a cause of action under the statute, a plaintiff must allege that he was charged for each call placed to his cell phone. This argument does not warrant dismissal.

As Mr. Kane states, "a cursory review of the provision reveals that the phrase in question does not modify the series that precedes it, but rather stands as a separate category unto itself, for which claims could arise." Pl.'s Resp. at 9. At least one district court addressing the issue has reached the same conclusion. See *Gutierrez v. Barclays Group*, No. 10cv1012, 2011 WL 579238, at *5 (S.D. Cal. Feb. 9, 2011) ("[T]he phrase 'for which the called party is charged for the call' modifies only 'any service,' not the preceding sections of the statute"). This Court agrees, and will deny NASF's motion to dismiss on this basis.

14

## CONCLUSION

For the foregoing reasons, the Court will grant NASF's motion to dismiss with respect to Mr. Kane's claims under § 1692(e) and § 1692(f) of the FDCPA, but deny NASF's motion to dismiss with respect to Mr. Kane's claims under § 1692(d)(5) and § 1692(d)(6) of the FDCPA, and Mr. Kane's claim under § 227b(1)(A)(iii) of the TCPA.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that defendant's motion to dismiss (docket no. 8) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 7, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 7, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager