UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Michael Kane,**

       **Plaintiff,**         **Civil Action 11-11505**

   **vs.**                    **District Judge Stephen J. Murphy, III**

**National Action Finance**      **Magistrate Judge Mona K. Majzoub**
**Services, Inc.,**

       **Defendant.**

_____/

**ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES [19] AND MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION [20]**

Plaintiff Michael Kane has filed this putative class action against Defendant National Action Finance Services, Inc., alleging that NAFS violated two federal acts, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., when it called Plaintiff's cell phone "several hundred" times in an attempt to contact the unrelated Ms. Seana Barlett to collect a debt she owed to Blockbuster Video.

After an initial motion to dismiss, Plaintiff's FDCPA § 1692(d) and TCPA claims are still at issue. (See Dkt. 12, Order Denying in Part and Granting in Part NAFS's Mot. to Dismiss.)

Now before the Court are Plaintiff's motion to compel interrogatory responses and motion to compel responses to requests for production. (Dkt. 19, 20.) The Court has been referred these motions for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 21, 22.) The Court has reviewed the pleadings, including the joint statement of unresolved and resolved issues regarding

1

Plaintiff's motions. The Court dispenses with a hearing and issues this order.[1]

**I.     Discovery standard**s

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A).

If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would

---

[1]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

make an award unjust . Fed.R.Civ.P. 37(A)(5)(a).

## II.     Plaintiff's motions to compel responses to interrogatories and requests for production

On May 25, 2011 Plaintiff served his first set of interrogatories on NAFS. (Pl.'s Mot. to Compel Interrog. at 3.) After Judge Murphy granted in part and denied in part NAFS's motion to dismiss, Plaintiff served his second set of interrogatories, on November 11, 2011. (*Id.*) Plaintiff states that, as of the ruling on the motion to dismiss, more than three months had passed and NAFS still had not answered the interrogatories. (*Id.*) Plaintiff adds that, on January 31, 2012, his attorneys contacted NAFS to stipulate to an order compelling the discovery requests. (*Id*. at 4.) Plaintiff states that he did not receive a response either to the outstanding interrogatories or the request for concurrence. (*Id.*)

As to the RFPs, Plaintiff states that he served his first set of RFPs on May 26, 2011 and then, on November 11, 2011, he served his second set of RFPs. (Pl.'s Mot. to Compel RFPs at 2.) Plaintiff states that NAFS did not respond to the RFPs, and that, as of the ruling on the motion to dismiss, three months had passed. (*Id*. at 2.)

In an effort to keep discovery moving, Plaintiff states that he gave a proposed protective order to NAFS to review on November 22, 2011. (Dkt. 33, Joint Statement of Unresolved Issues at 1.) Plaintiff adds that NAFS would not stipulate to the order, provide any specific objections, or suggest an alternative. (*Id.*) Plaintiff also adds that he submitted the order to NAFS on January 22, and February 29, 2012. (*Id.*)

### A.     The outstanding discovery requests

The following is a summary of the interrogatories and RFPs that Plaintiff states NAFS has failed to answer.

- Interrogatory #1-1 seeks information about any phone numbers NAFS may have removed from its collection calling system because the phone number had no relationship to the person from whom NAFS was attempting to collect the debt.

- Interrogatory #1-2 generally asks NAFS to identify those individuals who have knowledge or facts or opinions about the events or allegations related to the lawsuit.

- Interrogatory #1-3 requests NAFS to identify the origin of the documents NAFS will produce and the means by which NAFS produced the document. The interrogatory also requests NAFS to identify the system administrator responsible for maintaining the document storage systems and those persons who retrieved the documents.

- Interrogatory #1-4 asks NAFS to identify manuals, memoranda, bulletins, and publications that NAFS used to formulate, maintain, or enforce NAFS's policies, procedures, and practices concerning TCPA compliance.

- Interrogatory #1-5 asks NAFS to identify any lawsuits, judgments, and settlements that it has been involved in regarding violations of the TCPA and/or the Michigan Consumer Protection Act.

- Interrogatory #1-6 asks NAFS to identify any third parties to which it may have outsourced services relating to the telephone system, artificial recording, or pre recorded messaging services NAFS used.

- Interrogatory #1-7 asks NAFS to describe the business rules it used to initiate calls from its autodialer system.

- Interrogatory #1-8 asks NAFS to identify each person responsible for formulating, supervising, or enforcing NAFS's policies, procedures, and practices concerning TCPA compliance.

- Interrogatory #2-1 asks NAFS to identify and describe each and every communication from it to Plaintiff.

- Interrogatory #2-2 requests more information regarding NAFS's contact with Plaintiff.

- Interrogatory #2-3 requests the source of information about Plaintiff's phone number.

- Interrogatory #2-4 asks NAFS to identify information about the underlying account holder about which Plaintiff was contacted and the information about the original creditor for the account.

Plaintiff's first RFPs generally request information about NAFS's TCPA related policies, phone calling programs and systems, and any former law suits, settlements, or complaints related to TCPA violations. (NAFS's Resp. to Pl.'s Mot. to Compel RFPs, Ex. 1.) Plaintiff's second RFPs generally request information related to Plaintiff, his account, and the circumstances surrounding the calls made to Plaintiff's cell phone. (*Id.*, Ex. 2.) The second RFPs also seek policies and manuals related to the circumstances of the complaint, and information generally related to the FDCPA and any violation thereof. (*Id.*)

NAFS states that it received Plaintiff's interrogatories when Plaintiff sent them. (Dkt. 26, NAFS's Resp. to Pl.'s Mot. to Compel Interrog. ¶ 1.) NAFS also acknowledges that it did not respond to the interrogatories. (*Id.*) NAFS states that its "non-response to said interrogatories . . . is not designed to obstruct discovery." (*Id.*) NAFS states that it has not responded because it has two issues with Plaintiff's request.[2] (*Id.* ¶ 2.) NAFS's issues:

- NAFS's responses should be limited to information and materials regarding NAFS's Blockbuster collection program and operation, as it is the only program pursuant to which the number Plaintiff alleges is his cell phone number was called by NAFS, and the Blockbuster Program was and is significantly distinct form the rest of NAFS's collection programs and operations, and the distinction makes provision of information and material not related to the Blockbuster program an obligation upon NAFS beyond those contained in the Federal Rules, unduly burdensome, overly broad and not reasonably calculated to lead to discovery of relevant or admissible evidence; and

- the interrogatories seek to require NAFS to produce information or documents that contain information deemed proprietary or confidential in nature, subject to non-disclosure or disclosure limitations pursuant to any applicable state or federal law.

---

[2]NAFS also acknowledges that it received Plaintiff's first and second requests for production and that it did not respond to them. (Dkt. 27, Resp. to Pl.'s Mot. to Compel Req. for Produc. ¶ 1.) NAFS's response to Plaintiff's motion to compel requests for production mirrors NAFS's response to Plaintiff's motion to compel answers to interrogatories.

> This is especially the case as it relates to personal and financial information held by NAFS that regards private individuals who are not presently party to this case.

NAFS ultimately requests that it only have to provide responses that include information and materials that are relevant to the Blockbuster Program and that it also not have to provide responses to any of the outstanding interrogatories absent entry of a blanket protective order that adequately protects the privacy rights of present non-party individuals according to applicable law and the proprietary business information and materials of NAFS.

NAFS states that, during the times relevant to Plaintiff's allegations, it was "running a collections program on Blockbuster accounts that was absolutely singular and unique as compared to the remainder of [NAFS's] collection operations[.]" (Dkt. 26, NAFS's Resp. to Pl.'s Mot. to Compel Interrog. at 2.)  NAFS first states that that collections program was different because that program was run through a collection system that was different from its other collections systems. (*Id.*) NAFS also states that the "policies and procedures applicable [to the program,] and the third party vendors utilized in relation to it, were necessarily different and distinct from any other NAFS program due to the use of different software and the particulars of the accounts sought to be collected through the program.  (*Id*. at 3.)  NAFS explains that "[p]hone scripting and message content, account and operations management were all absolutely  independently determined and distinct from any other NAFS collection program[.]" (*Id.*)

NAFS argues that it if disclosed the information requested by the interrogatories voluntarily, that it would violate several federal laws.  (*Id*. at 5.)  NAFS adds,

> [t]herefore, at this time[,] Blockbuster [sic] should not be compelled to provide any materials or information to NAFS programs *other* than the Blockbuster Program, as it would result in undue burden and expense for NAFS which would be incurred to provide information that had absolutely no relevance to the matters at issue in this case and would, in essence, constitute compelling NAFS to make itself beholden to

a fishing expedition.

(*Id*. at 5-6.)

NAFS posits that Interrogatories ## 1-3, 1-4, 1-6, 1-7, 2-1, and 2-2 seek trade secret information and other information confidential to NAFS, "which would necessarily require disclosure of information as to [NAFS's] equipment and operations that NAFS has developed specifically with the intent to successfully compete for business in the collection industry." (*Id*. at 6.) NAFS requests that the Court enter an order that NAFS "not be required to produce any information or materials deemed [t]rade [s]ecrets or confidential commercial information except subject to a protective [o]rder that will adequately protect its confidentiality." (*Id*. at 6.)

   1.   **Analysis**

The Court disagrees with NAFS and its position in several respects. The Court first finds that there is no reason why NAFS could not have answered the interrogatories or objected to them. On this failure alone, the Court bases its decision to grant the motions to compel and award costs and fees. Next, the Court disagrees with NAFS's characterization of the scope of Plaintiff's complaint.

The Court also disagrees with NAFS over the protective order issue. While the Court finds that a protective order is warranted in this case, the Court finds that NAFS should have been more proactive about the protective order. NAFS cannot do nothing and expect the case to progress. The Court also does not look favorably on NAFS's request for the Court's assistance with a protective order in the responses to Plaintiff's motions to compel. As Plaintiff points out, NAFS has not moved for a protective order pursuant to Rule 26(c), which permits a court to issue a protective order for "good cause" to protect a party from annoyance, embarrassment, oppression, or undue burden or

7

expense. Fed.R.Civ.P. 26(c)(1). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F.App'x 498, 500 (6th Cir. 2001) (citation omitted).

Despite NAFS's failures, the Court will address the discovery and protective order issues.

### a. NAFS should have responded to Plaintiff's discovery requests

NAFS should have objected to the requests and then should have moved for a protective order pursuant to Rule 26. NAFS's failure to do so has delayed this litigation and was improper. Even if NAFS felt as if it could not have responded to the discovery requests without violating law, NAFS should have stated so and then moved for a protective order. Instead, NAFS did nothing. The Court will not condone such inactivity.

### b. NAFS has improperly attempted to limit the scope of Plaintiff's complaint and the discovery requests

As set forth above, NAFS argues that its responses should be limited to information and materials regarding NAFS's Blockbuster collection program and operation. NAFS states that that program was the only one pursuant to which the number Plaintiff alleges is his cell phone number was called by NAFS. NAFS adds that the Blockbuster collection program was, and is, significantly distinct from the rest of its collection programs and operations, and the distinction makes providing information and material not related to the Blockbuster program an obligation upon NAFS beyond those contained in the Federal Rules, unduly burdensome, overly broad, and not reasonably calculated to lead to discovery of relevant or admissible evidence.

The Court finds that Plaintiff has crafted a much broader complaint than the position NAFS

advances. The Court will not limit the scope of the complaint at this time. Plaintiff is entitled to seek discovery that is related to his complaint. Plaintiff states that he proposes to represent the following classes:

- All persons within the United States who, on or after March 22, 2007, received a non-emergency telephone call from NAFS to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

- All natural persons within the United States who, on or after March 22, 2010, received a voice mail message from NAFS, concerning a consumer debt, where that message failed to notify the person member that the call was from a debt collector.

(Compl. ¶ 48.) Plaintiff states that he found "dozens" of complaints against NAFS on the internet. (*Id.* ¶ 49.) Plaintiff estimates that the class would be around "several hundred" members. (*Id.* ¶ 50.)

Plaintiff articulates that the common questions of law and fact concern whether:

- NAFS uses an autodialer to collects its debts;
- NAFS uses prerecorded voice messages to collects its debts;
- the prerecorded messages used by NAFS properly comply with the FDCPA requirement that the collector identify that it is an debt collector;
- NAFS made nonemergency calls to Plaintiff and the class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;
- NAFS had the prior express consent to make calls to Plaintiff and the class members' cellular phones using an automated dialer or prerecorded voice; and
- NAFS's conduct was knowing and/or willful.

(Compl. ¶ 53.)

Given Plaintiff's complaint, the Court finds that NAFS is improperly trying to limit the scope of discovery at this time. Plaintiff seeks to represent a class whose members received phone calls from NAFS that violated the TCPA.[3] The Court therefore denies NAFS's request to limit discovery

---

[3] In the parties' Joint Status Report Prepared Under Rule 26(f), Plaintiff states that he will seek to certify the TCPA claims. (Joint Status Report at 2.)

to information solely about the Blockbuster program.

          **c.**      **The Court will allow Plaintiff's pre-certification discovery, but also will order the parties to submit a stipulated proposed protective order that the Court will then enter**

NAFS argues that the interrogatories seek to require NAFS to produce information or documents that contain information deemed proprietary or confidential in nature. NAFS continues that it cannot release personal and financial information held by NAFS without violating federal law. NAFS also argues that several of responses to the interrogatories and productions request trade secret or confidential information

The Court will permit Plaintiff his precertification discovery. "Prior to certification of a class action, discovery is generally limited and in the discretion of the court." *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D.Cal. 2006) (citation omitted). "Generally, a plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied, or that discovery is likely to produce substantiation of the class allegations." *Id*. (quotation marks and citations omitted). "[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation." *Id*. (insertion in *Del Campo*, citation omitted.)

Here, the Court exercises its discretion and allows Plaintiff his precertification discovery. The Court will allow Plaintiff to flesh out both his class claims and his individual claims. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D.Cal. 2011) (citation omitted) ("[D]iscovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist.). While

NAFS argues that Plaintiff only received calls from the Blockbuster program, Plaintiff's complaint alleges violations on a company-wide basis. At this juncture, the Court finds that discovery on a company-wide basis is appropriate, even if a later motion for certification fails, requires multiple subclassses, or outright succeeds. *See Id*. (citing Ninth Circuit precedent) (Holding that, "[t]o deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion.").

The Court therefore grants Plaintiff's motions to compel answers and production to Plaintiff's discovery requests. The Court permits the discovery because it is "sufficiently broad that the plaintiff[] [will] have a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden to [NAFS]." *In re Bank of Am. Wage and Hour Emp't Practices Litigation*, 275 F.R.D. 534, 540 (D. Kan. 2011) (citation omitted). The Court orders NAFS to provide answers and production of documents, without objections, to Plaintiff's first and second sets of interrogatories and his first and second requests for production.

The Court is aware that the parties need a protective order for some of the discovery. The parties need a protective order both for the names and contact information of potential plaintiffs. The Court therefore orders the parties to agree upon a proposed protective order within 10 days of this order. After the Court enters the protective order, the Court orders NAFS to answer the interrogatories and documents requests, without objection within 21 days of the protective order's entry.

Here, NAFS must disclose the names, addresses, and telephone numbers of those people that the interrogatories request. This information is both relevant to Plaintiff's class action claims–to

determine those other individuals whom NAFS may have contacted improperly–and such disclosure is "a common practice in the class action context." *Artis*, 276 F.R.D. at 352. In *Artis*, the court allowed Plaintiff precertification discovery so that he could substantiate the class allegations and to meet the certification requirements under Rule 23. *Id*. The court held that the "contact information and subsequent contact with potential class members is necessary to determine whether [the plaintiff's] claims are typical of the class, and ultimately whether the action may be maintained as a class action." *Id*. The *Artis* court further held that "the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such compelled disclosure of medical records and personal histories." *Id*. at 353. The *Artis* court noted, that "the parties can craft a protective order that limits the use of any contact information to the parties in this litigation and protects it from disclosure." *Id*. The court stated, "[t]he discovery is to be produced to Plaintiff's counsel only and to be used only in this litigation. Under these circumstances, the potential privacy interests of putative class members are adequately balanced." *Id*. (citation omitted).

The parties here, too, can craft a protective order to protect the disclosure of contact information and any information that would be a "trade secret or other confidential research, development, or commercial information" pursuant to Rule 26(c)(1)(G).

The Court therefore orders the parties to craft an order to protect potential plaintiffs' identifies and information and any information subject to Rule 26(c)(1)(G) protection. As stated above, the Court orders the parties to submit an agreed upon proposed order within 10 days of this order.

> **d.   Pursuant to Rule 37, the Court finds that an award of attorney's fees and costs appropriate**

Because the Court grants Plaintiff's motions to compel, Rule 37 requires an award of costs and fees related to bringing the motions. Despite any protestations that NAFS makes, the Court finds that NAFS acted unreasonably in the course of discovery. NAFS did not answer the discovery requests, did not make any objections to the discovery requests, and did not file a motion for a protective order. A party cannot just sit and wait. The Court therefore awards Plaintiff $2500.00 for each motion–$5000.00 total. Payment should be made within 10 days. Given this Court's experience with these types of motions in this district, the Court finds that the award is reasonable.

## IV.     Conclusion

For the above-stated reasons, the Court grants Plaintiff's motions to compel interrogatory responses and responses to requests for production. The Court orders the parties to submit an agreed upon proposed protective order within 10 days of this order. After entry of the protective order, the Court orders NAFS to answer the interrogatories, in full, without objection, and fulfill the requests for production within 21 days of the protective order's entry. The Court further awards $5000.00 in attorney's fees and costs for NAFS's dilatory and prejudicial behavior.

### **NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 11, 2012         s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 11, 2012         s/ Lisa C. Bartlett
                                        Case Manager